
FILED
MAIL ROOM

JUL 3 0 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**SIMON TUSHA,**

       **Plaintiff,**

**v.**                                             **No. 1:20-cv-00726-TSE-TCB**

**EDGE MISSION CRITICAL SYSTEMS, LLC,**
**AND DIVERSITEC, LLC,**

       **Defendants.**

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE

       Simon Tusha, Plaintiff, pro se, hereby responds to the above referenced Motion to Dismiss or Transfer Venue as

Follows:

1. Plaintiff avers that 28 U.S.C. § 1391 is the authority that determines where proper venue lies in a Federal lawsuit, however, Defendant's motion is disingenuous in that Rule 12(b)(3) is not a procedural mechanism to dismiss a matter on the basis of venue unless venue is "wrong" or "improper". See Atlantic Marine Construction Company, Inc., v United States District Court, W.D. TEXAS, 571 U.S. 49, 134 S.Ct. 568, 187 L. Ed. 2d 487; 2013 LEXIS 8775.

Atlantic Marine sought to enforce a venue selection clause by seeking dismissal of the suit under s 1406(a) and Rule 12(b)(3). The Supreme Court rejected that position holding that:

2.      The Supreme Court then held:

> "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in s 1391(b). As a result, a case filed in a district that falls within s 1391(b) may not be dismissed under
> s 1406(a) or Rule 12(b)(3). Id.

3. The Supreme Court found that § 1391(b) determines the venue and nothing else. The

Atlantic Court held:

> "...venue is proper so long as the requirements of s 1391(b) are met, irrespective of
> any forum-selection clause, also follows from our prior decisions construing the
> federal venue statutes. In Van Dusen v Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L. E
> 1993), we considered the meaning of s 1404(a), which {2013 U.S. LEXIS
> 16}authorizes a district court to "transfer any civil action to another district or division
> where it might have been brought." The question in Van Dusen was whether s
> 1404(a) allows transfer to a district in which proper venue under s 1391 but in which
> the case could not have been pursued in light of substantive state-law limitations on
> the suit. See Id., at 614-615, 84 S.Ct. 805, 11 L. Ed.
> 2d 945. In holding that transfer is permissible {187 L. Ed. 2d 498} in that context, we
> construed the phrase "where it might have been brought" to refer to "the federal laws
> delimiting the districts in which such an action 'may be brought,'" id., at 624, 84 S.Ct.
> 805, 11 L.Ed. 2d 945, noting that "the phrase 'may be brought' recurs at least 10
> times" in ss 1391-1406, id., at
> 622, 84 S.Ct. 805, 11 L. Ed. 2d 945. We perceived "no valid reason for reading the words
> 'where it might have been brought' to narrow the range of permissible federal forums
> beyond those permitted by federal venue statutes." Id., t 623, 84 S.Ct. 805, 11 L. Ed. 2d
> 945.

4. Although there also exists a venue clause in the contract at issue, that references

VIRGINIA federal or state courts as proper forums, in this case, there exists diversity

jurisdiction and Plaintiff avers that VIRGINIA is in fact the appropriate venue pursuant to §

1391(b). Further, there is no question that the Eastern District of Virginia is the proper venue.

The Defendants seeks "dismissal" or transfer to the "division" from Arlington Virginia to

Richmond Virginia, a "division" of "Defendant's" choosing under § 1404(a), which provides a

very narrow and limited basis upon which a court may do so. Dismissal sought by the

Defendants is not available for the following reasons:

> 1. The question of whether venue is "wrong" or "improper" is generally
> government by 28 U.S.C. § 1391. When venue is challenged, the court must
> determine whether the case falls into one of the three categories set out it §
> 1391(b). If it does, venue is proper. If it does not, venue is improper, and the
> case must be dismissed or transferred under § 1406(a). Atl. Marine supra.

In this case, venue is clearly proper under § 1391(b)(1)(2) as set forth in the Defendant's

motion. 1406(a)

> 2. When the parties entered into a contract containing a forum-selection clause
> has now bearing on whether a case falls into one of the categories listed in 28
> U.S.C. § 1391(b). As a result a case (as this one) that falls within s 1391(b) may
> not be dismissed under 28 U.S.C. §1404(a) or Fed. R. Civ. P. 12(b)(3). Atl.
> Marine supra.

The Atlantic Court also held that 28 U.S.C. § 1391 governs "venue generally," that is, in

cases where more specific venue provision does not apply. Id. That leaves 28 U.S.C. §

1404(a) which does provide a mechanism for enforcement of forum- selection clauses to

a particular federal district. However, the Defendants deny that any contractual

relationship even exists, thus more weight should be given to Plaintiff's choice of venue

which takes into account fairness in distance to both,

Plaintiff and the Defendants:

> a) The Eastern District of Virginia, Norfolk Division, Newport News Division, Richmond
> Division and Arlington Division.
>
> b) The difference in distance to any one of the "divisions" for the Defendants is
> insignificant in that any of the divisions are within the 100-mile subpoena power of the
> Defendants residence, Richmond, thus there is no convenience factor relevant to
> witnesses or the Defendants.
>
> c) The Plaintiff's choice of venue takes this into consideration in that Richmond and
> Arlington are no more than 90 miles apart and likewise, about 90 miles for the Plaintiff
> who resides in Baltimore, Maryland.
>
> d) There is no interest of justice that can be served by transferring this matter to the
> Richmond division that is within the same Eastern District thus that factor here, should
> not be a serious consideration.
>
> e) There are no state law concerns at issue because the parties agree that Virginia law
> governs.

5, The Plaintiff agrees that the Court has authority to transfer the case to any division based

upon the 4 Factors relevant to such a transfer, however, seeks the Court to consider the

factors giving more weight to Plaintiff's choice of venue given the closeness in proximity

between the Defendants and the Plaintiff to the Arlington Division; and because there is no
other should the Court retain the case in Arlington Virginia.

6. For the reasons stated, Plaintiff requests this Honorable Court to DENY Defendants
Motion to dismiss and/or to transfer this matter to the Richmond Division and retain the matter
in the Arlington Division.


Respectfully submitted,

Simon Tusha

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2020, I caused a copy of the foregoing to be mailed via first-class mail, postage prepaid, to:

Bryan A. Fratkin (VSB No. 38933)
Ashley P. Peterson (VSB No. 87904)
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219

Simon Tusha
1060 Hidden Moss Drive
Cockeysville, MD 21030

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia ☑

| | |
|---|---|
| SIMON TUSHA | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 1:20-CV-00726-TSE-TCB |
| EDGE MISSION CRITICAL SYSTEMS, LLC, | ) |
| AND DIVERSITEC, LLC, | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* EDGE MISSION CRITICAL SYSTEMS, LLC,
DIVERSITEC, LLC,
14321 Sommerville Court, Suite 100
Midlothian, VA 23113-6837

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: SIMON TUSHA
1060 HIDDEN MOSS DR
COCKEYSVILLE, MD 21030

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                    *Signature of Clerk or Deputy Clerk*

Civil Action No. 1:20-CV-00726-TSE-TCB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____      _____

                                    *Server's signature*

                                    _____

                                    *Printed name and title*

                                    _____

                                    *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia  ☑

|  |  |
|---|---|
| SIMON TUSHA | ) |
|  | ) |
|  | ) |
|  | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| EDGE MISSION CRITICAL SYSTEMS, LLC, | ) |
| AND DIVERSITEC, LLC, | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | ) |

Civil Action No. 1:20-CV-00726-TSE-TCB

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* EDGE MISSION CRITICAL SYSTEMS, LLC,
DIVERSITEC, LLC,
14321 Sommerville Court, Suite 100
Midlothian, VA 23113-6837

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

SIMON TUSHA
1060 HIDDEN MOSS DR
COCKEYSVILLE, MD 21030

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____

*Signature of Clerk or Deputy Clerk*

Civil Action No. 1:20-CV-00726-TSE-TCB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*


                                                 _____
                                                          *Printed name and title*


                                                 _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

Simon Tusha
1060 Hidden Moss Dr.
Cockeysville MD 21030

US MARSHALS SERVICE



U.S. POSTAGE PAID
FCM LETTER
COCKEYSVILLE, MD
21030
JUL 28, 20
AMOUNT
$0.70
R2305M148388-04

22314

Clerk of the Court
US District Court
401 Courthouse Sq.
Alexandria, VA 22314