IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SIMON TUSHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00726 (AJT/TCB) |
| ) | |
| EDGE MISSION CRITICAL SYSTEMS, ) | |
| LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **ORDER**

In this diversity action, Plaintiff Simon Tusha, proceeding *pro se*, has sued Defendants Diversitec, LLC and Edge Mission Critical Systems, LLC, a wholly-owned subsidiary of Diversitec, LLC (collectively, the "Defendants"), for their alleged breach of a written consulting agreement [Doc. 1-1] (the "Agreement"). In bringing this action, Plaintiff alleges that, based on the forum selection clause set forth in the Agreement, this Court is the "proper venue."

Currently pending before the Court is Defendants' Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer Venue. [Doc. 6] (the "Motion"). In their Motion, Defendants do not dispute that venue is proper in this District. Instead, they contend that Plaintiff chose the wrong division because "Defendants reside in, and all relevant actions occurred in, the Richmond Division." [Doc. 7] ("Memo.") at 1.

For the reasons discussed below, the Court will **GRANT** the Motion in part and transfer this action to the Richmond Division.[1]

---

[1] Because a hearing will not aid in the decisional process, the Court dispenses with a hearing. *See* E.D. Va. Local Civ. R. 7(J).

## I. BACKGROUND

The following facts are relevant for purposes of this Order.

In February 2019, Plaintiff, a resident of Cockeysville, Maryland, Compl. ¶ 5, entered into the Agreement with the Defendants under which Plaintiff was to provide professional services for an initial period of six (6) months, to be followed by a subsequent period of twelve (12) months, Agreement ¶¶ 1-2. Pursuant to that Agreement, Defendants, both Virginia limited liability companies with a principal place of business in Midlothian, Virginia agreed to pay Plaintiff the initial amount of $18,500.00 per month, and upon the renewal, an increased amount of $37,500.00 per month. Compl. ¶ 5; Agreement ¶ 2. These payments were to continue until and unless either party terminated the Agreement as provided for in the Agreement's termination clause. Agreement ¶ 3.

Throughout 2019 Plaintiff performed the services as defined in the Agreement. As consideration for these services, Defendants, as agreed, paid Plaintiff on February 1, March 1, April 1, and May 1, 2019. Compl. ¶ 3. In May 2019, however, Plaintiff, as required by the Agreement, sent to Defendants the June invoice. *Id.* After that invoice went unpaid, on June 28, 2019, Plaintiff sent to Defendants a second June invoice including late fees, in the total amount of $20,720.00. *Id.* To date, neither Defendant have not paid the June invoice nor any other subsequently-submitted invoices. *Id.*

After numerous attempts by Plaintiff to resolve the financial issue with the Defendants, the Defendants sought to cancel the Agreement. *Id.* ¶ 4. Defendants, however, did not do so as required by the Agreement's termination clause. *Id.* As such, because neither party has terminated the Agreement, the Agreement remains in full force and effect. *Id.*

It is against this background that Plaintiff brings this action, asserting a claim for breach of contract (Count 1) and declaratory judgment (Count 2) against both Defendants. For

2

Defendants' failure to pay Plaintiff, as required by the Agreement, Plaintiff seeks monetary relief in the amount of $553,940.00. *Id.* ¶¶ 9, 11.

On June 29, 2020, Plaintiff filed this action. On July 23, 2020, Defendants filed the Motion along with a memorandum in support [Doc. 7] ("Memo.").[2] On July 30, 2020, Plaintiff filed a response [Doc. 10] ("Opp."), and on August 5, 2020, Defendants filed a reply [Doc. 11] ("Reply"). Accordingly, the Motion is ripe for adjudication.[3]

## II. LEGAL STANDARD

When a defendant challenges venue under Federal Rule of Civil Procedure 12(b)(3), the burden falls on the plaintiff to establish the propriety of venue. *Flexible Benefits Council v. Feltman*, No. 1:08-cv-371, 2008 U.S. Dist. LEXIS 46626, 2008 WL 2465457, at *5 (E.D. Va. June 16, 2008). When the court does not hold an evidentiary hearing on the issue, the plaintiff need only make a *prima facie* showing of proper venue. *Id.* Once a court finds that venue is improper, it must decide whether to dismiss or transfer the case to a proper venue. *See* 28 U.S.C. § 1406(a).

## III. ANALYSIS

Congress has provided separate transfer of venue provisions for improper venue and for convenience of the parties and witnesses. Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the *wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to *any district or division* in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Meanwhile, under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may

---

[2] As required by Local Civil Rule 7(K), Defendants attached the requirement notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* [Doc. 6-2].
[3] On July 30, 2020, this case was reassigned to the undersigned.

3

transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964).

Section 1391(b) of Title 28 defines the proper venue for actions brought in federal court. That section reads:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Further, Local Civil Rule 3(C) defines the proper division in which to bring a case filed in this District. In relevant part, Local Civil Rule 3(C) states:

> Civil actions for which venue is proper in this district shall be brought in the proper division, as well. The venue rules stated in 28 U.S.C. § 1391 *et seq.* also shall apply to determine the proper division in which an action shall be filed. For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the terms "judicial district" and "district" were replaced with the term "division."

E.D. Va. Local. Civ. R. 3(C).

Thus, when read together, 28 U.S.C. § 1391(b) and Local Civil Rule 3(C) provide that a civil action may only be brought in:

> (1) A [division] where any defendant resides, if all defendants are residents of the State in which the [division] is located; (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no [division] in which an action may

4

otherwise be brought as provided in this section, any judicial [division] in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Citing these provisions, Defendants argue that venue is improper in the Alexandria Division. Specifically, Defendants argue that because both Defendants have "systematic and continuous contacts" in the Richmond Division and maintain their principal place of business in that Division, both Defendants "reside" in the Richmond Division. Memo. at 3 (citing Compl. ¶ 6 and [Doc. 7-1] (Declaration of Jerry Grothendick) ¶¶ 2-3). Defendants further add that because "all of the alleged events or purported omissions giving rise to Plaintiff's claims occurred in the Richmond Division," divisional venue is only appropriate in the Richmond Division. *Id.*; *see also* Reply at 2-4. The Court agrees.

As set forth in the Complaint, neither of the Defendants reside within, nor did any of the relevant acts or omissions that give rise to the claims asserted in the Complaint occurr within, the Alexandria Division. And Plaintiff's contacts with this District occurred exclusively within (or were exclusively directed towards) the Richmond Division, where both Defendants "reside" for purposes of venue.[4] *Liverett v. Dyncorp Int'l*, LLC, No. 3:17-cv-282, 2017 WL 9481048, at *2 (E.D. Va. July 18, 2017) ("A corporation resides in any division where its contacts would be sufficient to subject it to personal jurisdiction if that division existed as a separate district."). Indeed, Plaintiff does not dispute that he travelled to Defendants' business location in Midlothian, Virginia during the parties' negotiations nor does he dispute that no events occurred

---

[4] *See* E.D. Va. L. Civ. R. 3(B)(4) (Divisions: This district shall be divided into four divisions to be designated as the Alexandria, Newport News, Norfolk, and Richmond Divisions; the place for holding Court for each of said divisions shall be the city whose name the division bears, and the territory comprising, and embraced in, each of the said divisions shall be as follows . . . (4) The Richmond Division shall consist of the Counties of . . . Chesterfield . . . ."). Midlothian, Virginia, where both Defendants maintain their principal place of business, is an unincorporated area in Chesterfield County. *See* Compl. ¶ 6; Grothendick Decl. ¶¶ 2-3.

5

within the Alexandria Division. *See* Opp. at 1-4. Therefore, the Court finds that divisional venue is improper in this Division.

Contending otherwise, Plaintiff argues that because under the Agreement's forum selection clause venue is proper within this District, the only mechanism to transfer this action to the Richmond Division is 28 U.S.C. § 1404(a), under which any transfer is inappropriate. Opp. at 2-4. Thus, at bottom, Plaintiff's argument turns on whether Local Civil Rule 3(C) can properly limit venue beyond those restrictions announced in 28 U.S.C. § 1391(b), the general venue statute.

There is no statute that requires a case to be properly venued in a particular division.[5] That said, "[w]here divisional venue is mandated by local rule . . . those mandates must be complied with . . . ." 32 Am. Jur. 2d Federal Courts § 1190; *cf. David D. Siegal*, Commentary on the 1988 Repeal of § 1393, 28 U.S.C.A. §§ 1391-1440, at 70 (1993) ("If there is no local rule, venue need be set only on a district basis, disregarding divisions."). As discussed above, this District maintains a local rule which incorporates a divisional venue requirement. *See* E.D. Va. L. Civ. R. 3. Therefore, the Court finds that where, as here, divisional venue is improper, venue is also improper. *See, e.g., Polygroup Ltd. v. General Foam Plastics Corp.*, No. 3:12-cv-48, 2012 U.S. Dist. LEXIS 90223, 2012 WL 2554645 (E.D. Va. June 27, 2012); *Sicienski v. Saxon Mortgage Svcs., Inc.*, No. 3:07-cv-243, 2007 U.S. Dist. LEXIS 99084, 2007 WL 2071711 (E.D. Va. July 11, 2007); *Williams v. Equity Holding Co.*, No. 3:06-cv-783, 2007 U.S. Dist. LEXIS 29795, 2007 WL 1202988 (E.D. Va. Feb. 9, 2007).

Because venue is improper in this Division, § 1406(a), not § 1404, applies. Section 1406(a) gives the presiding court two choices: either it "shall dismiss" the action or "in the

---

[5] Indeed, Congress repealed the so-called "divisional venue" statute, formerly at 28 U.S.C. § 1393, in 1988. *See* Pub. L. 100-702, title X, § 1001(a) (Nov. 19, 1988), 102 Stat. 4664.

interest of justice, [it shall] transfer [the action] to any district or division in which [the action] could have been brought." 28 U.S.C. § 1406(a). While this Court can, in its discretion, dismiss this action for improper venue, courts in this District generally "favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants." *Conte v. Virginia*, No. 3:19-cv-575, 2020 U.S. Dist. LEXIS 120936, at *19-20, 2020 WL 3883251 (E.D. Va. July 9, 2020).

Here, there is no evidence that this case was brought in the Alexandria Division in bad faith or in order to harass the Defendants. Plaintiff filed this action in accordance with the forum selection clause in the Agreement and appears to have filed the action in this Division largely because it is approximately halfway between his home in Baltimore, Maryland and Richmond, Virginia. Opp. at 4. Were this Court to dismiss this action, Plaintiff, who is proceeding *pro se*, would likely re-file this action in the Richmond Division, incurring additional costs in doing so. Therefore, the interests of justice favor transferring this action to the Richmond Division.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Defendants Diversitec, LLC's and Edge Mission Critical Systems, LLC's Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer Venue [Doc. 6] be, and the same hereby is, **GRANTED** in part and **DENIED** in part. The motion is granted to the extent this Court transfers this action to the Richmond Division; and it is otherwise denied; and it is further

ORDERED that this action be, and the same hereby is, **TRANSFERRED** to the Richmond Division; and it is further

ORDERED that the hearing on the Motion, currently scheduled for Friday, August 21, 2020 be, and the same hereby is, **CANCELLED** as moot.

The Clerk is directed to forward copies of this Order to all counsel of record and to Plaintiff *pro se*.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
August 10, 2020